**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

I.T., a minor, by and through his next
friend, M.T.,

          Plaintiff,

v.                                 Case No.: 3:23-cv-977-WWB-MCR

SCHOOL BOARD OF DUVAL
COUNTY, FLORIDA,

          Defendant.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's Motion for Judgment on the Administrative Record (Doc. 37), Defendant's Motion for Summary Judgment (Doc. 38),[1] and Plaintiff's Request for Oral Argument (Doc. 39). United States Magistrate Judge Monte C. Richardson issued a Report and Recommendation ("**R&R**," Doc. 49), in which he recommends that Defendant's Motion be granted, and Plaintiff's Motions be denied as moot. Plaintiff filed Objections (Doc. 51), to which Defendant filed a Response (Doc. 55).

## I.    BACKGROUND

No party has objected to the facts set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 49 at 2–3).

## II.    LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make

---

[1] Although labeled as a motion for summary judgment, Defendant's Motion is construed as a motion for judgment on the administrative record because the claim is under the Individuals with Disabilities Education Act ("**IDEA**"), 20 U.S.C. § 1400 *et seq*. *See Sch. Bd. of Broward Cnty., Fla. v. C.B.*, 315 F. Supp. 3d 1312, 1316 (S.D. Fla. 2018).

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.    DISCUSSION

In the R&R, Magistrate Judge Richardson recommends that Defendant's Motion be granted because Plaintiff failed to exhaust requisite administrative remedies under the IDEA.  Plaintiff objects to the R&R in its entirety, asserting that he sufficiently raised the failure to implement multi-sensory, language, and social/emotional instruction before the Administrative Law Judge ("**ALJ**").  Specifically, Plaintiff argues that the R&R oversimplifies the analysis into how many times Plaintiff explicitly articulated certain terminology rather than focusing on the substance of the allegations.  Having reviewed the record, the Court agrees with the R&R's recommendation that Plaintiff failed to exhaust the requisite administrative remedies.

"[T]he IDEA requires that a plaintiff first exhaust administrative remedies" before bringing suit. *J.P. v. Cherokee Cnty. Bd. of Educ.*, 218 F. App'x. 911, 913 (11th Cir. 2007). Courts have described administrative remedies as being exhausted when issues are

2

"fairly presented" before the ALJ.  *Doe v. Ala. State Dep't of Educ.*, 915 F.2d 651, 660 (11th Cir. 1990); *see also Atlanta Indep. Sch. Sys. v. S.F. ex rel. M.F.*, No. 1:09-CV-2166, 2011 WL 721488, at *7 (N.D. Ga. Feb. 22, 2011).  Although case law describing *how* to properly exhaust a claim under the IDEA is sparse, the exhaustion requirement with respect to habeas petitions is analogous to that employed under the IDEA and courts have found reference to habeas case law useful in resolving questions of exhaustion in IDEA cases.  *See Sch. Dist. of Phila. v. Post*, No. 15-4501, 2017 WL 3676970, at *6 (E.D. Pa. Aug. 23, 2017) (citing habeas cases in determining that plaintiff's claim was not properly exhausted under the IDEA).  In the habeas context, an issue is fairly presented when it is raised in such a manner "that the reasonable reader would understand each claim's particular legal basis and specific factual foundation."  *Kelley v. Sec'y Dep't of Corr.*, 377 F.3d 1317, 1344–45 (11th Cir. 2004); *see also Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) ("Simply referring to a constitutional right of confrontation of witnesses' is not a sufficient reference to a federal claim . . . ." (quotation omitted)); *McNair v. Campbell*, 416 F.3d 1291, 1303–04 (11th Cir. 2005) (holding that a petitioner relying primarily on state law and only referencing federal law twice did not satisfy the exhaustion requirement to bring a federal claim); *Sch. Dist. of Phila.*, 2017 WL 3676970, at *6 (finding that an IDEA claim raised in the due process complaint but "never aired at the administrative level" was not exhausted).

With respect to multi-sensory learning, the R&R makes it clear—contrary to Plaintiff's assertion—that Magistrate Judge Richardson reviewed and considered the entire record, and the Court agrees that this issue was not properly raised below.  Plaintiff directs the Court to the psychologist's recommendation that Plaintiff "[i]nvolve as many

senses as possible in learning activities," (Doc. 29 at 623), paragraphs in Plaintiff's Proposed Final Order about the lack of multi-sensory education, (*id.* at 190–91, 193), and that Plaintiff made little progress with the teaching methods he was offered, (*id.* at 191–92, 199).  Plaintiff also points to testimony and evidence of his learning deficits.  (*See id.* at 284, 617–18; Doc. 36 at 528–29, 532–33).  Having reviewed these portions of the record, the Court is not persuaded that the multi-sensory claim was exhausted.

Assuming a post-hearing proposed order is a sufficient mechanism to put the ALJ on notice of a claim, three paragraphs mentioning multi-sensory instruction in Plaintiff's 168-paragraph proposed order does not do so.  *See French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1271 (11th Cir. 2015) (holding that merely mentioning "confrontation" buried in a paragraph addressing other matters did not exhaust petitioner's Confrontation Clause claim).  Nor does the psychologist's recommendation to involve as many senses as possible, in light of the 1,750-page record, constitute exhaustion.  *See id.*  Even in conjunction with the few multi-sensory references, evidence of Plaintiff's learning difficulties does not provide a "specific factual foundation" supporting "a particular legal basis."  *Kelley*, 377 F.3d at 1345.

Regarding language and social/emotional instruction, the Court similarly finds this issue was not fairly presented.  Plaintiff directs the Court to allegations in the hearing request of struggles with language and social/emotional skills, among other things, (Doc. 29 at 16), allegations of a "failure to provide appropriate supports," (*id.*), statements that Defendant did not implement the "agreed upon plan," (*id.* at 154–55), and evidence that Plaintiff was to receive instruction in self-monitoring of behavior, (*id.* at 398, 462).  Like with multi-sensory instruction, Plaintiff also put forth evidence of learning deficits in

language and social/emotional instruction, (*see* Doc. 36 at 10–11, 485–494, 496), and Plaintiff's Proposed Final Order discussing the instruction, (*see* Doc. 29 at 196–197, 199).

Indeed, in his Proposed Final Order, Plaintiff squarely addressed the failure to implement language and social/emotional instruction.  However, Plaintiff must have fairly presented the matter prior to the hearing's conclusion—otherwise, the purpose of the exhaustion requirement is contravened.  IDEA exhaustion is designed to achieve several goals, including "(1) 'developing the record for review on appeal,' (2) 'encouraging parents and the local school district to work together to formulate an IEP for a child's education,' and (3) 'allowing the education agencies to apply their expertise and correct their own errors.'"  *Hayes v. DeSantis*, 561 F. Supp. 3d 1187, 1210 (S.D. Fla. 2021) (quoting *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 275 (3d Cir. 2014)).

Upon review, the request for a due process hearing is devoid of Plaintiff having raised a failure to implement social, emotional, or language instruction.  General statements, such as Plaintiff "continues to struggle with learning, attention, executive functioning, independent functioning, health related issues, and social/emotional skills," do not sufficiently put the ALJ on notice as to a failure to implement language or social/emotional teaching.  (Doc. 29 at 16).  Furthermore, allegations that Defendant did not provide "appropriate supports," (*id.*), and evidence of Plaintiff's learning plan and deficits, (*id.* at 398, 462; Doc. 36 at 10–11, 485–494, 496), encompass a number of potential claims, thereby lacking specificity.  Plaintiff cannot "scatter some makeshift needles in the haystack of the [] court record. The ground relied upon must be presented face-up and squarely; the [] question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  *Kelley*, 377 F.3d

at 1345 (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).  By failing to assert a specific factual foundation for the claims presented now, exhaustion purposes were not served, effectively bypassing the requirement.

In his Objection, Plaintiff concedes the ALJ did not resolve the issues in its Final Order.  (*See* Doc. 51 at 6); *cf. Sch. Bd. of Manatee Cnty., Fla. v. L.H. ex rel. D.H.*, 666 F. Supp. 2d 1285, 1295 (M.D. Fla. 2009) (finding that adequate exhaustion exists where plaintiffs, among other things, "obtained a final order from the ALJ relating to the main issue at the heart of their claims").  That Plaintiff did not properly raise the issues is further evidenced by how they were framed before the ALJ:

> Whether Respondent, Duval County School Board . . . designed an Individualized Education Plain ("IEP") which provided a free and appropriate public education ("FAPE") to Petitioner; and whether the School Board failed to implement Petitioner's IEP, thereby denying the student FAPE.

(Doc. 29 at 201–02).  In contrast, a claim as to whether a plaintiff was entitled to services from a deaf and hard of hearing teacher under the IDEA was fairly presented when the issue was framed as follows:

> Should the Student be classified as having a hearing impairment as outlined in the Minnesota Deaf and Hard of Hearing Rule which would then require the participation of a deaf and hard of hearing teacher on the Students [sic] IEP team?

*Pachl ex rel. Pachl v. Seagren*, 373 F. Supp. 2d 969, 974 (D. Minn. 2005).  There, the specificity in the question presented is distinct from Plaintiff's general assertion of a failure to satisfy FAPE and implement the teaching plan in this case.  Accordingly, the Court agrees that Plaintiff did not satisfy the requisite exhaustion for his claims.

## IV.    CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Objections (Doc. 51) are **OVERRULED**.

2.  The Report and Recommendation (Doc. 49) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3.  Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED**.

4.  Plaintiff's Motion for Judgment on the Administrative Record (Doc. 37) and Request for Oral Argument (Doc. 39) are **DENIED as moot**.

5.  The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.  Thereafter, the Clerk shall terminate all other pending motions and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on March 27, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record